**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREA MARGARITA OSORIO
CLAROS and JUAN CARLOS
HERNANDEZ OSORIO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1272

Agency Nos. A208-456-487
A208-456-488

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2023[**]

Before:  OWENS, LEE, and BUMATAY, Circuit Judges.

Andrea Margarita Osorio Claros, a citizen of El Salvador, seeks review of the

Board of Immigration Appeals' ("BIA") denial of her appeal from an Immigration

Judge's ("IJ") order denying her and her son's[1] application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT").  This court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

[1] Juan Carlos Hernandez Osorio (A208-456-488) is a minor rider petitioner.

has jurisdiction under 8 U.S.C. § 1252 and denies the petition.

1.     <u>The BIA properly found that Osorio Claros did not challenge the IJ's determination that she failed to show that El Salvador was unable or unwilling to control her ex-partner</u>.  In order to qualify for asylum, an applicant has the burden of establishing past persecution or a well-founded fear of future persecution, either by the government or by forces that the government is unable or unwilling to control. *Villegas v.* Garland, 990 F.3d 1173, 1179 (9th Cir. 2021).  "To be eligible for withholding of removal the petitioner must discharge this burden by a 'clear probability.'" *Sharma v.* Garland, 9 F.4th 1052, 1059 (9th Cir. 2021).

The BIA determined that Osorio Claros failed to challenge the IJ's finding that she did not demonstrate that the government of El Salvador is unable or unwilling to control the father of her son, the source of her alleged persecution. Because the BIA found that Osorio Claros forfeited that dispositive issue, it declined to address (1) whether she credibly testified and adequately corroborated her claim or (2) whether she established that she was harmed in the past or would be persecuted in the future on account of either a cognizable protected group or a qualifying political opinion.

The record supports the BIA's determination.  Osorio Claros's brief to the BIA did not argue that the Salvadoran government would be unable or unwilling to control her son's father.  Osorio-Claros thus has not shown that the BIA erred in

2

deeming this issue forfeited, and we therefore conclude that it is unexhausted. *See Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019); *see also Amaya v. Garland,* 15 F.4th 976, 986 (9th Cir. 2021).

Because this issue decides Osorio Claros's eligibility for asylum and withholding of removal, we deny her petition as to these claims.

2.      <u>Osorio Claros failed to challenge the basis of the BIA's decision as to her eligibility for protection under the CAT</u>.  The BIA denied Osorio Claros's application for protection under the CAT on similar grounds, finding that Osorio Claros provided only conclusory statements about her eligibility.  Osorio Claros has not provided this court with any substantive arguments to show that the BIA's findings were erroneous.

**PETITION DENIED.**